# Order

Michigan Supreme Court
Lansing, Michigan

March 24, 2006

126544

MATTHEW BARRETT,
      Plaintiff-Appellee,

v

MT. BRIGHTON, INC.,
      Defendant-Appellant.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 126544
COA: 222777
Livingston CC: 97-016219-NO

On December 1, 2005, the Court heard oral argument on the application for leave to appeal the June 3, 2004 judgment of the Court of Appeals. On order of the Court, the application is again considered. We REVERSE the judgment of the Court of Appeals for the reasons stated by the Court of Appeals dissent. MCR 7.302(G)(1). Pursuant to the Ski Area Safety Act of 1962 (SASA), "[e]ach person who participates in the sport of skiing accepts the dangers that inhere in that sport insofar as the dangers are obvious and necessary. . . ." MCL 408.342(2). The Court of Appeals majority held that "[a] snowboard rail constitutes a danger a skier assumes while engaged in snowboarding, but an alpine skier should not be deemed to have assumed such a risk since snowboard rails are not inherent in or necessary to the sport of downhill skiing." The Court of Appeals majority erred in finding support in the SASA and our opinion in *Anderson v Pine Knob Ski Resort, Inc*, 469 Mich 20 (2003), for the proposition that different skiers accept different dangers. As noted by the Court of Appeals dissent, the SASA broadly defines "skier" to include a person "wearing skis or utilizing a device that attaches to at least 1 foot or the lower torso for the purpose of sliding on a slope." MCL 408.322(g). It does not distinguish among alpine skiers, cross-country skiers, and snowboarders. Our opinion in *Anderson* does not reach a contrary conclusion. Accordingly, plaintiff, while engaged in alpine skiing, is held to have accepted the risks associated with all types of skiing, including snowboarding. The Wayne Circuit Court should have granted defendant's motion for summary disposition on this ground. We further agree with the Court of Appeals dissent that there was no violation of MCL 408.326a(c) and (e), but that, even if a violation of that statute had been found, "there is nothing to support the conclusion that [plaintiff] would have stayed off the snowboard run had he known its degree of difficulty." Accordingly, we REMAND this case to the Wayne Circuit Court for entry of an order granting summary disposition in favor of defendant.

CAVANAGH, J., dissents and states as follows:

I respectfully dissent from the majority's decision to reverse the judgment of the Court of Appeals and remand for entry of an order granting summary disposition in favor of defendant. I would deny leave to appeal in this case. However, I must point out that the reasoning on which the majority bases its decision to reverse is fundamentally flawed.

The majority bases its decision on the Court of Appeals dissent in *Barrett v Mt. Brighton*, which states on pp 1-2 that "MCL 408.342(2) provides that skiers accept the dangers inherent in the sport of skiing *as a whole*; it does not expressly provide or even imply that skiers only accept the dangers inherent in their particular form of skiing." *Barrett v Mt. Brighton, Inc*, dissenting opinion of Zahra, J., issued June 3, 2004 (Docket No 222777) (emphasis added). I do not agree with the premise that a skier accepts the risks inherent in the sport of skiing as a whole with no regard to the type of skiing being engaged in. However, even assuming that this is true, contrary to the majority's belief, a snowboarding rail is not an *obvious and necessary* danger that *inheres* in the sport of skiing *as a whole*.

"Inhere" means "[t]o be inherent or innate." *The American Heritage Dictionary of the English Language*, *Third Edition* (1992). "Inherent" means "[e]xisting as an essential constituent or characteristic; intrinsic." *Id*. While I have no doubt that it is enjoyable to ride a snowboarding rail, I fail to see how a snowboarding rail is *essential* to the sport of *skiing*. There are numerous skiing events, even a number of events that specifically relate only to snowboarding, that have *nothing* to do with riding a snowboarding rail. Further, as confirmed at oral argument, defendant no longer even *has* a snowboarding rail at its facility. So for the majority to reverse because it believes that a snowboarding rail is an inherent danger that is obvious and necessary to skiing when the sport of skiing is routinely engaged in without snowboarding rails and defendant no longer even has a rail ignores the nature of the sport and the facts of this case.

Further, I also believe that it is unreasonable to conclude that a snowboarding rail that at its highest point was approximately 14 inches off the ground is an *obvious* and necessary danger inherent in the sport of skiing. The statute lists examples of obvious and necessary dangers, such as ski lift towers, other skiers, and properly marked or plainly visible pieces of snow-making or snow-grooming equipment. A snowboarding rail measured in inches is certainly not akin to a ski lift *tower* or *properly marked or plainly visible* piece of snow-making or snow-grooming equipment so that it can be classified as an obvious and necessary danger inherent in the sport of skiing.

Accordingly, I respectfully dissent.

KELLY, J., joins the statement of CAVANAGH, J.

MARKMAN, J., dissents and states as follows:

I respectfully dissent from the majority's order reversing the Court of Appeals judgment, and instead would grant leave to appeal. MCL 408.342(2) provides, "Each person who participates in the sport of skiing accepts the dangers that *inhere in that sport* insofar as the dangers are obvious and *necessary . . . .*" (Emphasis added.) I would grant leave to consider whether a snowboarding rail constitutes a danger that both "inhere[s]" in the sport of skiing and is "necessary" to such sport. More specifically, (1) to what class of persons does "necessary" pertain, a single skier, a majority of skiers, or all skiers; (2) to what endeavor does "necessary" pertain, the sport of skiing, the business of a ski resort, or both; (3) to what specific activities does "necessary" pertain, all types of skiing, including alpine, cross-country and snowboarding, or only to a single type of skiing; and (4) if Mt. Brighton no longer has a snowboarding rail, as plaintiff alleges, yet continues to entertain snowboarding, how can a snowboarding rail be said to be "necessary"? The present case affords an opportunity to clearly and efficiently address these questions in order to avoid unnecessary future litigation.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 24, 2006

_Corbin R. Davis_
Clerk

l0321